UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MATTHEW CORNELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 3:16-cv-542 |
| vs. | ) | |
| | ) | |
| MIAMI CORRECTIONAL FACILITY | ) | |
| and STATE OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Matthew Cornell, a *pro se* prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking money damages against the Miami Correctional Facility and the State of Indiana. (DE 1.) He was housed at Miami in June 2010, when he attempted suicide and was taken by ambulance to Lutheran Hospital in Fort Wayne, Indiana. (*Id.* at 2.) Upon his return to Miami, he was charged and found guilty in a disciplinary case and ordered to pay $1,000 in restitution for the ambulance. (*Id.* at 3.) Since then, all available funds in Cornell's trust account have been garnished. Cornell alleges that his Eighth Amendment right against cruel and unusual punishment has been violated because he has been unable to buy hygiene and other items from the commissary. Because the complaint fails to state a plausible claim and seeks relief against an immune defendant, I must dismiss it pursuant to 28 U.S.C. § 1915A.

District courts are required to review prisoner complaints and dismiss actions

1

that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The standard under section 1915A is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–3 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In determining whether Cornell's complaint states a claim, I must construe his complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers" no matter how "inartfully pleaded[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The complaint must be dismissed for a number of reasons. To begin with, there is no proper defendant. Miami Correctional Facility is not a person or a policymaking unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). In addition, a claim for money damages cannot be maintained against the State of Indiana, which has Eleventh Amendment immunity. *See Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987).

Even if Cornell had named a proper defendant, this claim would be time-barred. "[A] plaintiff can plead himself out of court if he alleges facts that show he isn't entitled to a judgment[.]" *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Here, Indiana's two-year statute of limitations applies. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The two-year period began to run in 2010, when the prison disciplinary hearing took place and the restitution was ordered. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996) ("A Section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action."). Cornell had two years from that date in 2010 to file suit but didn't—until six years later. For this reason, it is barred by the statute of limitations.

There are still other problems with the complaint. Cornell's allegation that the garnishment of his prison trust account has rendered him unable to buy hygiene and other items from the commissary does not constitute a plausible constitutional claim. The Eighth Amendment only prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). "[T]he Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347–49 (1981). Having a prison trust account garnished to pay an undisputed debt is not a harsh condition that could be considered a denial of the minimal civilized measure of life's necessities. *See Holden v. Knight,* No. 3:15-cv-432, 2016 WL 696088, at *2

(N.D. Ind. Feb. 22, 2016); *also Meineke v. Finnan*, 2014 WL 3586546, *3 (S.D. Ind. July 21, 2014).

Nor does the fact that Cornell has been unable to purchase hygiene items from the commissary change that conclusion, unless Cornell asked for and was denied basic hygienic materials (like soap). *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). He has not alleged that, and it is not plausible to infer such allegations from the complaint. Accordingly, the complaint does not state a plausible Eighth Amendment claim.

As a final note, to the extent Cornell intended to allege that Miami wrongly took his money, that issue first must be addressed through a state tort claims action. The Fourteenth Amendment guards against deprivations of life, liberty, and property by state officials without due process of law, but such a deprivation is not complete and therefore not actionable "until and unless [the state] refuses to provide a suitable post deprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana state law provides for judicial review of property losses caused by government employees and an adequate post-deprivation remedy to redress state officials' deprivation of a person's property. *See* Ind. Code. §§ 34-13-3-1–25, et seq. (2016); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Accordingly, Cornell does not have a plausible constitutional claim for the money garnished from his account.

Ordinarily, it is necessary to allow a plaintiff to file an amended complaint after a *sua sponte* dismissal, but that is not true where the amendment would be futile. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d

420, 432 (7th Cir. 2009). Such is the case here. No conceivable amendment or combination of amendments could overcome the numerous bars to suit presented here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: September 20, 2016.

 s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT
